Tucktsti, P.
The first q uestion is, whether there was any error in the proceedings in this case, at the rules in the county court? And this seems to be clear; for the action being founded on a judgment and not on any specialty, bill or note in writing, a writ of inquiry ought to have been awarded. 1 Rev. Code, ch. 128. §79. p. 508. Hunt v. M'Rae, 6 Munf. 454.
Next, was it competent to the county court at the November term, to set aside the office judgment confirmed (as it is said) at the previous August term. This depends upon the question, whether the errors in the proceedings at the rules were mere clerical misprisions, or are to be regarded as errors in the judgment of the court. Upon reflection, and an examination of the authorities, and particularly of the case of Eubank v. Ralls's ex'or, 4 Leigh 808. I am satisfied, that the error is clerical and amendable. It had, indeed, been decided, in Halley's adm'r v. Baird, 1 Hen. & Munf. 25. that a judgment entered in the order book, and signed by a judge in open court, could not be amended at a subsequent term ; a decision in conformity with the previous case of Freeland, Lenox & Co. v. Field’s ex'or, 6 Call 12. and with the established principles of common law. Co. Litt. 260a. 2 Vin. Abr. Amendment. A. p. 290. *178 But in Halley’s adm’r v. Baird, the fact that the iuder- ^ ment had been entered upon the court records, and signed by the judge, was emphatically stated, and seems to have been considered as vitally important. And in Digges’s ex’or v. Dunn’s ex’or, 1 Munf. 56. the entries at the rules seem not only to have been regarded as amendable, but this court considered the record as if it had actually been amended as it ought to have been. The declaration in that case was upon a judgment át August quarterly term, but the record only shewed a judgment at the previous July rules, whereas the office judgment ought (as the law then stood) to have been entered as of the last day of the August term. In Eubank v. Ralls’s ex’or, this whole matter was very earnestly considered. In one of the four cases between those parties, which were before the court (the second in the reporter’s statement) the declaration claimed the penalty of the bond, without taking any notice of an indorsement thereon. The defendants did not appear, and. judgment by default for want of appearance was entered against them by the clerk in the office, and confirmed at November term 1819; which office judgment confirmed, as entered at large, was for the penalty of the bond to be discharged by the payment of the principal sum with interest from the 20th December 1817, instead of the 1st March 1819, when the money was due according to the condition. On this judgment there was an execution, forthcoming bond, execution thereupon, and return satisfied; and, in August 1S26, seven years after the confirmation of the office judgment, the county court, upon motion, ordered the record to be amended, corrected the judgment, and quashed the executions and forthcoming bond. This judgment was affirmed by this court, by the unanimous opinion of the judges present. If that case be deemed authority, it is conclusive of the question in this. Until assailed by others, I shall follow it, as I perceive no reason for abandoning the opinions which I then delivered.
*179 With respect to the subsequent proceedings in this . -i i • . -t case, I am of opinion, that upon the plaintiffs demurrer to the defendants’ pleas, the court should have gone . . . back to the declaration, which is substantially defective in demanding the sum of 462 dollars with interest, when the judgment which is recited in it does not carry interest : for where the plaintiff, in an action in nothing extrinsic, but depending upon a deed or other instrument, and pari rations upon a judgment, demands more than by his declaration he shews himself entitled to, the declaration is bad upon demurrer. 1 Chitt. Plead. 295. 1 Wms. Saund. 285. n. 6. 7. 5 Pac. Abr. 350.
Therefore, I am of opinion, that the judgment be reversed, the verdict and proceedings up to the writ set aside, and a repleader awarded. For though the declaration itself is defective, yet it shews that the plaintiffs have a demand, which, when properly asserted, may entitle them to a judgment: and when this is the case, the plaintiffs ought not to be wholly turned out of court. 2 Salk. 579. 1 Chitt. Plead. 633, 4.